UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WANDEL CAMPANA,

    Applicant,

v.                                                 CASE NO. 8:24-cv-198-SDM-JSS

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **ORDER**

Campana applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of his state convictions for attempted purchase of heroin and conspiracy to traffic in heroin, for which he is imprisoned for twenty-five years. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ." Campana is barred from pursuing this "second or successive" application.

Campana's earlier challenge to this same conviction in 8:15-cv-895-CEH-TGW was denied on the merits. Both the district court and the circuit court declined to issue a certificate of appealability. (Docs. 47 and 48) The present application is second or successive because the application challenges the same state court judgment that was challenged in the earlier action. *Magwood v. Patterson*, 561 U.S.

320, 338–39 (2010) (explaining that an application under Section 2254 addressing a state court judgment that was challenged in an earlier application under Section 2254 is successive). As a consequence, Campana must comply with Section 2244(b)(3)(A), which requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The district court lacks jurisdiction to review Campana's application unless the Eleventh Circuit Court of Appeals grants Campana permission to file a second or successive application. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). *Accord Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (finding that a district court lacks subject matter jurisdiction to review a second or successive application if an applicant lacks the authorization from the circuit court required under Section 2244(b)(3)(A)); *Young v. Sec'y, Fla. Dep't of Corr.*, 697 F. App'x 660, 661 (11th Cir. 2017)[*] ("In order to file a second or successive habeas corpus petition, a state prisoner must 'move in the appropriate court of appeals for an order authorizing the district court to consider the

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

[petition].'  28 U.S.C. § 2244(b)(3)(A).  Otherwise, a district court lacks jurisdiction to consider the petition and is required to dismiss it.") (brackets original).

Campana's application alleges claims that he contends are based on newly discovered evidence.  Campana must convince the circuit court that, based on this new evidence, he qualifies for leave to file a second or successive application as required by Section 2244(b)(2)(B) and (3)(C).  Until he receives the requisite authorization, the district court lacks jurisdiction to review the application.

\* \* \* \*

Generally, an applicant cannot appeal a district court's denial of relief under Section 2254 unless either the district court or the circuit court issues a certificate of appealability ("COA").  However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains, a COA cannot issue in this action because the district court cannot entertain the application to review the unauthorized second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

*See United States v. Robinson*, 579 F. App'x 739, 741 n.1 (11th Cir. 2014) (applying *Williams* in determining that the district court lacked jurisdiction because the motion under Rule 60(b), Federal Rules of Civil Procedure, was actually an impermissible

second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

The application for the writ of habeas corpus (Doc. 1) is **DISMISSED**. The clerk must close this case.

ORDERED in Tampa, Florida, on January 30, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE